IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 13, 2005

## STATE OF TENNESSEE v. DENNIS D. PLEMONS, SR.

**Appeal from the Criminal Court for Roane County**
**No. 12589      Russell E. Simmons, Jr., Judge**

------------

**No. E2004-01558-CCA-R3-CD Filed February 9, 2006**

------------

A Roane County Criminal Court jury convicted the defendant, Dennis D. Plemons, Sr., of driving under the influence, a Class A misdemeanor, and the trial court sentenced him to eleven months and twenty-nine days with all but five days suspended. On appeal, the defendant contends the evidence is insufficient. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Kristi M. Davis, Knoxville, Tennessee (on appeal); and Charles B. Hill, II, Kingston, Tennessee (at trial), for the appellant, Dennis D. Plemons, Sr.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; J. Scott McCluen, District Attorney General; and D. Roger Delp, Assistant District Attorney General for the appellee, State of Tennessee.

## OPINION

At the trial, Tennessee Highway Patrol Officer Gary Snow testified that on October 3, 2000, he was dispatched to investigate a wreck. He said he arrived to discover the defendant's car down an embankment. He said no skid marks were apparent on the road. He said the defendant was standing outside a house near the scene. He said that he talked to the defendant and that the defendant admitted driving the car, explaining that the wreck occurred because he was driving too close to the shoulder.

Officer Snow testified that the defendant smelled of alcohol. He also said the defendant "had apparently urinated on himself, and maybe some feces on him, too." He said that the defendant was unsteady on his feet and that his speech was slow. He said he believed the defendant was under the influence of alcohol and asked the defendant to perform three field sobriety tests. He said the

defendant refused to perform one of the tests and failed the other two. He said he determined the defendant was under the influence of alcohol and asked him to take a blood alcohol test, to which the defendant consented. He said Roane County Sheriff's Department Deputy Thad Watkins helped administer the test.

On cross-examination, Officer Snow admitted the defendant willingly cooperated. Officer Snow acknowledged that the defendant refused to perform one of the field sobriety tests because of injuries to his knees and arms. He said, however, he did not think it would be difficult for someone who had just been in a similar accident to be able to walk a straight line. Officer Snow admitted that he did not know whether the wreck affected the defendant's ability to perform the tests.

Thad Watkins testified that on October 3, 2000, he was a deputy with the Roane County Sheriff's Department. Mr. Watkins said that Officer Snow brought the defendant to the jail at the Sheriff's Department, that the defendant consented to a Breathalyzer test, and that he administered the test. He said he observed the defendant for twenty minutes before giving him the test to ensure that the defendant did not do anything that could alter the test results. He said the results of the test reflected that the defendant's blood alcohol content was 0.19%. On cross-examination, Mr. Watkins maintained that he observed the defendant for twenty minutes before administering the test.

The defendant testified that he had an accident on the evening of October 3, 2000, while heading to his friend's house on Dry Fork Valley Road. He said the road was very narrow and did not have shoulders. He said he had had two beers to drink before driving. He said he was taking high blood pressure medicine. He said that he swerved to avoid hitting a deer in the road and that as a result, he lost control of his car and careened down an embankment twenty to thirty feet before coming to a rest. He said he hit many trees while careening down the embankment. He said that he was "kind of pinned" in the car and that he needed the assistance of three other people to get out of the car.

The defendant said he refused to perform one of the field sobriety tests because his knees, which had been surgically repaired after a football injury, were hurting. He said that female jailers attempted to administer the Breathalyzer test, that they could not get the machine to work, that Mr. Watkins punched some keys on the machine, and that he then told the defendant that the defendant was extremely intoxicated. He said that although Mr. Watkins talked to him briefly, Mr. Watkins did not do so for twenty minutes. He said he was talking to the female jailers and to Officer Snow but not to Officer Watkins during the time he was waiting to take the Breathalyzer test. He said he was not intoxicated enough "to wait two hours and then come over here and take a test and blow that much."

On cross-examination, the defendant said he was not able to apply his brakes before going over the embankment. He acknowledged he never told Officer Snow that he had swerved to avoid hitting a deer. The defendant maintained that he only had two beers to drink.

On appeal, the defendant contends the evidence is insufficient. He claims that Officer Snow's testimony is in conflict with the videotape introduced into evidence. He also claims that any deviation from the norm in his performance of the field sobriety tests was based upon his having been injured as a result of the accident and that the results of the Breathalyzer test are not reliable because of the interference of the female jailers in the test's administration. The state responds that the evidence is sufficient. We agree with the state.

Our standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). We do not reweigh the evidence; rather, we presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions about witness credibility were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997).

Tennessee Code Annotated section 55-10-401 states in pertinent part:

> (a) It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of any shopping center, trailer park or any apartment house complex, or any other premises which is generally frequented by the public at large, while:
> (1) Under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system
> . . . .

In State v. Sensing, our supreme court relaxed the evidentiary foundation needed to admit breath test results obtained from a breathalyzer test. 843 S.W.2d 412, 416 (Tenn. 1992). Due to the reliability and general acceptance of the testing device, the court held that a certified operator no longer had to know the scientific technology behind the Breathalyzer machine's operation. Id. Instead, the court established six prerequisites to admissibility. The officer who administered the test must show:

> (1) that the tests were performed in accordance with the standards and operating procedure promulgated by the forensic services division of the Tennessee Bureau of Investigation,
> (2) that he was properly certified in accordance with those standards,
> (3) that the evidentiary breath testing instrument used was certified by the forensic services division, was tested regularly for accuracy and was working properly when the breath test was performed,

(4) that the motorist was observed for the requisite 20 minutes prior to the test, and during this period, he did not have foreign matter in his mouth, did not consume any alcoholic beverage, smoke, or regurgitate,

(5) evidence that he followed the prescribed operational procedure, [and]

(6) [that] the printout record offered in evidence [is] the result of the test given to the person tested.

Id.

Initially, we note that Sensing dealt with the admissibility of test results rather than sufficiency of the evidence. In any event, at the trial, Officer Snow testified that the defendant smelled of alcohol and failed the field sobriety tests he attempted. Mr. Watkins testified that he observed the defendant for the required twenty minutes and that the results of the Breathalyzer test reflected the defendant's blood alcohol level was 0.19%. We conclude that a rational juror could have found the defendant guilty beyond a reasonable doubt of driving under the influence. The defendant is not entitled to relief on this issue.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE